**GILBERT EMPLOYMENT LAW, P.C.**
**GARY M. GILBERT**, *admitted pro hac vice*
**SHANNON C. LEARY**, *admitted pro hac vice*
**NICOLE M. DIAZ**, *admitted pro hac vice*
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Telephone No.: (301) 608-0880
Fax No.: (301) 608-0881
Emails: gary-efile@gelawyer.com
        sleary-efile@gelawyer.com
        ndiaz-efile@gelawyer.com

**SMITH HIMMELMANN**
Attorneys at Law • A Law Corporation
**ELBRIDGE W. SMITH** [HI#2079]
745 Fort Street, Suite 311
Honolulu, Hawaii 96813
Telephone No.: (808) 523-5050
Fax No.: (808) 538-1382
Email: shlaw@hawaii.rr.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

_____
                                 )
**LYNDA STREEPER,**       )   Civil No. 1:19-cv-00394-DKW-RT
                                 )
     **Plaintiff,**         )   Plaintiff's Memorandum of Law in
                                 )   Support of her Opposition to
   **v.**                   )   Defendant's Partial Motion for
                                 )   Dismissal, or in the Alternative, for
**DAVID BERNHARDT**       )   Partial Summary Judgment;
**Secretary, Dept. of the Interior,** )   Certificate of Service
                                 )
     **Defendant.**       )
_____)

**TABLE OF CONTENTS**

I.   LEGAL STANDARD……………………………………………………….2

      A. Rule 12(b)(1) Motions…………………………………………………..2

      B. Exhaustion of Administrative Remedies……………………………...3

II.   ARGUMENT……………………………………………………………..6

      A. Plaintiff Properly Exhausted Administrative Remedies When She Alleged Retaliation in her Administrative EEO Complaint………….6

      B. Counts 2 and 3 of Plaintiff's Complaint are "Like or Reasonably Related" to Plaintiff's Allegations of Disability Discrimination…….9

      C. Defendant's Motion Does Not Include Any Arguments Regarding Rule 12(b)(6) Dismissal or Summary Judgment………………………………………………………….12

III.   CONCLUSION……………………………………………………….13

# TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**
*B.K.B. v. Maui Police Dep't*, 276 F.3d 1091 (9th Cir. 2002)…………4, 5, 6, 7, 9, 11
*Blackman-Baham v. Kelly*, 2017 LEXIS 24175 (N.D. Cal. Feb. 21, 2017)……...7, 8
*Coons v. Sec'y of the U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004)……3
*Ellis v. Costco Wholesale Corp.,* 2015 LEXIS 67284 (N.D. Cal. May 22, 2015)…...4
*Franceschi v. United States VA*, 514 F.3d 81 (1st Cir. 2008)………………………..5
*Jamile v. Island Movers, Inc.*, 2017 LEXIS 53653 (D. Haw. Apr. 7, 2017)…...10, 11
*Josephs v. Pac. Bell*, 432 F.3d 1005 (9th Cir. 2005)……………………………..3, 6
*Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189 (9th Cir. 2008)…..2
*Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003)………………………….....3, 4, 5
*Leorna v. U.S. Dep't of State*, 105 F.3d 548 (9th Cir. 1997)………………………..3
*Miranda v. Reno*, 238 F.3d 1156 (9th Cir. 2001)……………………………………2
*Mokhtar v. Kerry*, 83 F. Supp. 3d 49 (D.D.C. 2015)………………………………...8
*Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840 (9th Cir. 2004)………………………10
*Sosa v. Hiraoka*, 920 F.2d 1451 (9th Cir. 1990)…………………………………….5
*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970)……………………4
*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000)………………………………………...2
*Wood v. Univ. Physicians Healthcare*, 2014 LEXIS 102543 (D. Az., July 28, 2014)…………………………………………………………………………………..4
*Yonemoto v. McDonald*, 114 F. Supp. 3d 1067 (D. Haw., Jul. 10, 2015)…………..10

**Statutes**
29 U.S.C. § 701, *et seq.*..……………………………………………………………...3
42 U.S.C. § 12101, *et seq.* .…………………………………………………………..3
42 U.S.C. § 12132...…………………………………………………………………10

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S PARTIAL MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Lynda Streeper, through her undersigned representatives, hereby submits her Memorandum of Law in Support of her Opposition to Defendant's Partial Motion for Dismissal, or in the Alternative, for Partial Summary Judgment, filed on March 9, 2020. Defendant improperly requests dismissal under Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56 of Counts 2 and 3 of Plaintiff's Complaint, which involve allegations of retaliation relating to Plaintiff's proposed removal and constructive discharge.

Although Defendant inexplicably argues Plaintiff failed to exhaust administrative remedies regarding her claims of retaliation, it acknowledges that Plaintiff included reprisal in her initial administrative EEO complaint. The Department of Interior's (hereafter "Defendant" or the "Agency") refusal to process this portion of Plaintiff's EEO complaint does not bar Plaintiff from now pursuing her claims of retaliation. Further, Plaintiff's reprisal claims are "like or reasonably related" to her claims of disability discrimination, as they arise from the same set of facts. Finally, other than the bare assertions in the title and the Legal Framework section of Defendant's Motion, Defendant fails to include any argument whatsoever to support dismissal for failure to state a claim, pursuant to Rule 12(b)(6), or summary judgment under Rule 56 regarding Counts 2 and 3.

Therefore, as outlined below, this Court should deny Defendant's Partial Motion for Dismissal, or in the Alternative, for Partial Summary Judgment (hereafter "Defendant's Motion").

## I.     LEGAL FRAMEWORK

### A. Rule 12(b)(1) Motions

A district court must dismiss an action if it lacks jurisdiction over the subject matter of the complaint, pursuant to Fed. R. Civ. P. 12(b)(1). Following a defendant's motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of establishing the existence of subject matter jurisdiction. *See, e.g., Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008). A party may bring a facial or factual challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In reviewing a facial challenge to subject matter jurisdiction, the court must presume the factual allegations in the complaint are true. *Miranda v. Reno*, 238 F.3d 1156, fn 1 (9th Cir. 2001). In evaluating a factual challenge, on the other hand, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White*, 227 F.3d at 1242 (citations omitted).

### B. Exhaustion of Administrative Remedies

"To preserve her right to maintain a suit alleging employment discrimination against an agency of the United States, a [plaintiff] must exhaust her administrative remedies by filing a claim of discrimination with the allegedly offending agency in accordance with published procedures." *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976)); *see also Josephs v. Pac. Bell*, 432 F.3d 1006, 1014 (9th Cir. 2005) ("An individual plaintiff must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court.") (citations omitted). "The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Leong v. Potter*, 347 F.3d 1117, 1121-22 (9th Cir. 2003).

The exhaustion requirement applies to claims under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*[1] *Josephs*, 432 F.3d at 1014 (citations omitted). The purpose of the exhaustion requirement is to "gi[ve]

---

[1] The Rehabilitation Act, 29 U.S.C. § 701, *et seq.* incorporated and operates with the same protections and standards outlined in the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended. *See, e.g., Coons v. Sec'y of the U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citations omitted) ("The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the Americans with Disabilities Act.").

the charged party notice of the claim and [to] 'narrow[ ] the issues for prompt adjudication and decision.'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)) (citations omitted).

However, "the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong*, 347 F.3d at 1122 (citations omitted); *see also Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). "In assessing whether a claim is within the scope of the EEOC investigation and can be reasonably expected to grow out of the charge of discrimination, a court should examine whether the plaintiff described 'the facts and the legal theory with sufficient clarity to notify the [EEOC].'" *Wood v. Univ. Physicians Healthcare*, 2014 U.S. Dist. LEXIS 102543, at *13 (D. Az., July 28, 2014) (citations omitted), *aff'd in* 2016 U.S. Dist. LEXIS 13432 (9th Cir., Jul. 22, 2016).

"This rule is based on the rationale that 'forcing an employee to begin the administrative process anew after additional occurrences of [related] discrimination in order to have them considered by the agency and the courts 'would erect a needless procedural barrier.'" *Ellis v. Costco Wholesale Corp.,* 2015 U.S. Dist. LEXIS 67284, at *11 (N.D. Cal. May 22, 2015) (citations omitted).

4

Thus, when determining whether a plaintiff exhausted her administrative remedies, the Court "must construe the charge liberally." *Sosa v. Hiraoka*, 920 F.2d 1451 at 1456 (9th Cir. 1990); *see also B.K.B.*, 276 F.3d at 1100 (noting that EEOC charges must be construed "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading") (citations omitted). The requirement to exhaust administrative remedies is not intended to be onerous, and merely requires "substantial compliance." *Leong*, 347 F.3d at 1122.

Courts are particularly inclined to permit a plaintiff to proceed with new claims of retaliation in federal court when they arise from existing claims in a complaint. As the First Circuit has explained:

> A claim of retaliation for filing an administrative charge with the EEOC is one of the narrow exceptions to the normal rule of exhaustion of administrative remedies. Such a claim may ordinarily be bootstrapped onto the other Title VII claims arising out of the administrative charge and considered by the district court, even though it has not been put through the administrative process… This is so because such a claim of retaliation is "reasonably related to and grows out of the discrimination complained of to the [EEOC]." In other words, the retaliation claim survives what would otherwise be a failure to exhaust administrative remedies by virtue of its close relation to and origins in the other Title VII discrimination claims."

*Franceschi v. United States VA*, 514 F.3d 81, 86-87 (1st Cir. 2008) (citations omitted).

## II.    ARGUMENT

### A. Plaintiff Properly Exhausted Administrative Remedies When She Alleged Retaliation in her Administrative EEO Complaint

In her initial administrative EEO complaint, Plaintiff 'checked the box' indicating that, in addition to discrimination based on disability, she believed Defendant had subjected her to retaliation. *See* Case No. 1:19-cv-00394-DKW-RT, Docket No. 34-2 (Exhibit A) at *2. Defendant acknowledges that Plaintiff checked the correct box alleging "reprisal" in her formal EEO complaint. Defendant's Motion at *8. Further, Plaintiff pursued her claim of retaliation during discovery in the administrative stage of her complaint. For example, in her written discovery requests, Plaintiff sought documents from the Agency regarding her protected activity. Exhibit 1 at 11.  Thus, Defendant was on notice of Plaintiff's intent to pursue a claim of retaliation. *Josephs*, 432 F.3d at 1014 (citing *B.K.B.*, 276 F.3d at 1100).

Although Plaintiff identified reprisal in her administrative EEO complaint, when the Agency issued its letters partially accepting the complaint, it excluded reprisal as a basis of discrimination. *See* Docket No. 34-3, at *2-6; Docket No. 34-4, at *2-3; Docket No. 34-8, at *2-7. Notably, the Agency improperly dismissed many of Plaintiff's claims in her administrative complaint, and following an appeal by Plaintiff, the EEOC agreed the Agency had "mischaracterized" several claims

6

and ordered the Agency to vacate its final decision on the merits and conduct a supplemental investigation.[2] Docket No. 34-6, at *6-7.

Now, Defendant appears to suggest that Plaintiff somehow failed to exhaust her administrative remedies because, when she responded to the Agency's letter framing the issues, Plaintiff did not indicate that she wished the Agency to reinstate retaliation as a basis of her administrative complaint. *See* Defendant's Motion at *8. However, "checking the box" is telling, if not dispositive evidence of Plaintiff's intent to pursue her claim of reprisal. *B.K.B. v. Maui Police Dep't*, 276 F.3d at 1103 (finding that the plaintiff exhausted administrative remedies as to her claim of sexual harassment, in part because, in her EEOC pre-complaint questionnaire, she "checked boxes indicating a charge of sexual harassment").

Further, the Northern District of California's decision in *Blackman-Baham v. Kelly*, 2017 U.S. Dist. LEXIS 24175 (N.D. Cal., Feb. 21, 2017), is helpful in evaluating whether a plaintiff's failure during the administrative investigation phase to request that an agency reinstate a dismissed basis results in the failure to exhaust administrative remedies. In *Blackman-Baham*, the court noted that, in certain situations, a plaintiff "may fail to exhaust administrative remedies when he or she refuses to cooperate with the agency's investigation." 2017 U.S. Dist.

---

[2] Plaintiff did not appeal, nor did the EEOC address, the improperly dismissed basis of retaliation.

LEXIS 24175, at *44-45 (N.D. Cal. Feb. 21, 2017). However, while "[a] handful of district court cases in other Circuits have held that failure to respond to a 'framing of the issue' letter from the Agency EEO department that omits claims that were included in the original EEO complaint results in abandonment of the omitted claims," the Northern District of California noted it would instead follow the analysis in *Mokhtar v. Kerry*, 83 F. Supp. 3d 49, 66 (D.D.C. 2015), which "rejected this conclusion." *See Blackman-Baham*, 2017 U.S. Dist. LEXIS 24175, at *46-47. Instead, the Court in *Blackman-Baham* agreed that "based on the regulatory framework that governs EEO investigations... 'failure to cooperate during the administrative investigation must be treated as factually and legally distinct from failure to respond to the acceptance-of-claims letter." *Blackman-Baham*, 2017 U.S. Dist. LEXIS 24175, at *46-47 (citing *Mokhtar*, 83 F. Supp. 3d at 66). Thus, a court should "look[ ] to the underlying EEO Complaint to determine whether Plaintiff has exhausted her claims." *Blackman-Baham v. Kelly*, 2017 U.S. Dist. LEXIS 24175, at *47-48.

Here, this Court should find that Plaintiff exhausted her administrative remedies when she 'checked the box' claiming retaliation in her underlying EEO complaint and pursued her claim of retaliation during discovery in the administrative forum. Despite the Agency's improper dismissal of several issues and failure to include retaliation in its acceptance letter, Plaintiff complied at all

8

stages with the Agency's investigation of her complaint, and thus did not abandon her claim of reprisal, despite Defendant's suggestions to the contrary. It is the Agency's failures, not Plaintiff's, that caused the basis of retaliation to disappear from the case during the administrative process.

## B. Counts 2 and 3 of Plaintiff's Complaint are "Like or Reasonably Related" to Plaintiff's Allegations of Disability Discrimination

Plaintiff has exhausted administrative remedies with respect to her claim of retaliation because Counts 2 and 3 of her Complaint are "like or reasonably related" to her allegations involving disability discrimination. She is not seeking to add entirely new issues to her case, or otherwise to change the nature of her existing claims. Rather, she wishes to have this Court view the facts supporting her claims of disability discrimination through the additional lens of retaliation.

In *B.K.B.*, the Ninth Circuit outlined a four-factor analysis to determine whether a plaintiff's exhausted administrative remedies with respect to allegations not included in her EEO charge: 1) the "alleged basis of the discrimination;" 2) "dates of discriminatory acts specified in the charge;" 3) "perpetrators of discrimination named in the charge;" and 4) "any locations at which discrimination is alleged to have occurred." *See B.K.B.*, 276 F.3d at 1100.

Here, applying this Court's framework in *B.K.B.*, 1) Plaintiff specifically claimed retaliation as a basis in her EEO complaint. Moreover, although courts analyze claims of disability discrimination under a different framework than claims

9

of retaliation,[3] the facts used to evaluate both bases in this case are the same. Moreover, 2) the facts supporting Plaintiff's claims of retaliation in Counts 2 and 3 overlap nearly exactly with the facts supporting her claims involving disability discrimination in Counts 1, 4, and 5 of the Complaint.

For example, after teleworking for several years as a reasonable accommodation, the Agency instructed Plaintiff to return to work in the Federal Building on June 17, 2009. Docket No. 1 (Complaint), at *12; *see also* Exhibit 2. Plaintiff subsequently reiterated her continuing need for accommodation, and submitted medical records in response to the Agency's requests. Docket No. 1, at *12-13. Despite these requests, the Agency ignored Plaintiff's requests regarding

---

[3] The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A plaintiff may establish a claim of failure to accommodate under the ADA by demonstrating she 1) is a person with a disability; 2) is otherwise qualified for employment; and 3) suffered discrimination because of her disability, to include a failure to accommodate. *Yonemoto v. McDonald*, 114 F. Supp. 3d 1067, 1111-12 (D. Haw., Jul. 10, 2015). To state a *prima facie* case of retaliation under the ADA, a plaintiff must show that she 1) engaged in protected activity; 2) suffered an adverse employment action; and 3) there was a causal link between her protected activity and the adverse employment action. *Yonemoto*, 114 F. Supp. 3d at 1103 (citations omitted). Temporal proximity can support an inference of retaliatory intent. *Id.* at 1104; *see also Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 850 (9th Cir. 2004). Pursuing one's rights under the ADA, which includes requesting a reasonable accommodation, constitutes protected activity. *See Jamile v. Island Movers, Inc.*, 2017 U.S. Dist. LEXIS 53653, at *17-18 (D. Haw., Apr. 7, 2017) (citations omitted); *see also Pardi*, 389 F.3d at 850.

possible accommodations, did not accommodate Plaintiff, and instead proposed her termination on February 16, 2010. Exhibit 3. These facts support Plaintiff's claims of disability discrimination, as outlined in Counts 1, 4, and 5 of her complaint. However, they also support the retaliation alleged in Counts 2 and 3 of the Complaint. Specifically, Plaintiff contends it was her requests for accommodation, which constitute protected activity, that led to the Agency's decision to propose her termination and its continuing failure to accommodate her, which resulted in her constructive discharge. *See Jamile,* 2017 LEXIS 53653, at *17.

Further, as outlined in *B.K.B.*, 3) the management officials responsible for failing to accommodate Plaintiff and otherwise discriminating against her because of her disabilities, including but not limited to Gina Shultz, and Dean Mark, are the same individuals alleged to have retaliated against her. Docket No. 1, at *6-19. Finally, 4) the retaliatory events occurred in the same "locations" as the disability discrimination: in the Federal Building and, more abstractly, via telephone and email correspondence between Plaintiff and Agency employees.

Because the claims of disability discrimination and reprisal concern the same discriminatory actions, requiring that Plaintiff take further steps to exhaust her administrative claims of reprisal would have been duplicative and contrary to this Court's holding that complaints be construed "with utmost liberality." *B.K.B.*, 276 F.3d at 1100.

11

### C. Defendant's Motion Does Not Include Any Arguments Regarding Rule 12(b)(6) Dismissal or Summary Judgment

In its Memorandum in support of its Motion, Defendant outlines the legal standards for disposing of this matter pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. However, other than the title and the legal framework section of the Motion, Defendant fails to include a single argument explaining why or how Plaintiff fails to state a claim or prove pretext. In its Concise Statement of Facts, Defendant also fails to include a list of genuine material facts not in dispute that would warrant summary judgment. As such, in addition to denying Defendant's Rule 12(b)(1) motion, this Court should also deny Defendant's Motion under Rule 12(b)(6) and Rule 56, as Defendant has propounded no arguments in support of dismissal or summary judgment.

Even if Defendant had articulated such arguments in favor of dismissal under Rule 12(b)(6), Plaintiff has established a *prima facie* case of reprisal, as outlined *supra* in section II(B). Similarly, summary judgment in Defendant's favor would be inappropriate because Defendant has failed to articulate a legitimate, non-discriminatory reason for its actions, and cannot show that accommodating Plaintiff presented an undue hardship.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant' Motion to Dismiss Counts 2 and 3 of her Complaint.

Respectfully submitted this 13th day of May, 2020.


          By:    /s/ Nicole M. Diaz
                  Nicole M. Diaz
                  *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2020, and by the method of service noted below, a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant's Partial Motion for Dismissal, or in the Alternative for Partial Summary Judgment, was served on the following at his last known address:

Served Electronically through CM/ECF:

Edric M. Ching                                        Email: Edric.Ching@usdoj.gov
*Attorney for Defendant*
Assistant U.S. Attorney
Office of the United States Attorney
PJKK Federal Building, Room 6-100
Honolulu, Hawaii 96850-6100

/s/ Nicole M. Diaz
Nicole M. Diaz
Gilbert Employment Law, P.C.