IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LYNDA STREEPER,<br><br>        Plaintiff,<br><br>   vs.<br><br>DAVID BERNHARDT, *in his capacity as Secretary, Department of the Interior*,<br><br>        Defendant. | Case No. 19-cv-00394-DKW-RT<br><br>**ORDER GRANTING MOTION FOR PARTIAL DISMISSAL OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT** |

## INTRODUCTION

Defendant moves for dismissal or summary judgment of two claims of alleged retaliation Plaintiff suffered while working for Defendant, arguing that Plaintiff failed to administratively exhaust those claims. In response, Plaintiff argues that her retaliation claims were exhausted either because she raised them in her administrative Complaint of Discrimination or because her retaliation claims are "like or reasonably related to" her claims of disability discrimination. The Court agrees with Defendant. First, by no measure can the sole act of Plaintiff checking a box on her Complaint of Discrimination form be considered exhausting her retaliation claims. Second, the retaliation and disability discrimination claims here are fundamentally different in the nature of the investigation they require and

the elements of each cause of action. They are not, in other words, "like or reasonably related to" each other. Accordingly, Defendant's Motion is GRANTED.

## FACTUAL BACKGROUND

Plaintiff Lynda Streeper began working as an IT Specialist with the U.S. Fish and Wildlife Service in December 1998. Compl. at ¶ 18, Dkt. No. 1; Answer at ¶ 6, Dkt. No. 20. In approximately December 2001, Streeper was transferred to an Ecological Services office in Honolulu, Hawai'i. Compl. at ¶ 19; Answer at ¶ 6.

On May 19, 2010, Streeper filed a Complaint of Discrimination with the U.S. Department of the Interior (Department or Defendant). Compl. of Discrim. at 1, Dkt. No. 34-2. Therein, Streeper checked boxes indicating her belief that she was discriminated against on the bases of physical disability and reprisal. *Id*. More specifically, in three allegations of discrimination, Streeper stated that she was discriminated against on the basis of: (1) her physical disabilities in September 2009 when her request to work at any alternative site or telework was denied; (2) her physical disabilities on multiple occasions when her employer failed to enter into an interactive communication over her request to be assigned to a different worksite or transferred to another position; and (3) her disabilities on multiple

occasions when her employer failed to provide guidance that would have allowed her to receive worker's compensation and failed to offer any reasonable accommodations.  *Id*. at 2.  In filing her Complaint of Discrimination, Streeper was represented by counsel.  3/8/10 Designation of Representative, Dkt. No. 34-2 at 4.

On August 4, 2010, the Department partially accepted and partially dismissed Streeper's Complaint of Discrimination.  8/4/10 Letter of Partial Acceptance/Partial Dismissal, Dkt. No. 34-3.  In doing so, the Department identified the following claims from the Complaint of Discrimination: (1) whether Streeper was discriminated against on the basis of physical disability and subjected to an ongoing failure to reasonably accommodate from November 12, 2009 through May 4, 2010; (2) whether Streeper was discriminated against on the basis of physical disability and subjected to an ongoing failure to reasonably accommodate from 2006 through September 22, 2009; and (3) whether Streeper was discriminated against on the basis of physical disability when she was not provided with guidance about receiving worker's compensation.  *Id*. at 1-2.  The Department accepted the first claim for investigation, dismissed the second claim as untimely, and dismissed the third claim for failure to state a claim.  *Id*. at 3-4.  The Department instructed Streeper to review the accepted claim carefully and

submit a statement if she believed the claim had not been correctly identified. *Id.* at 3. Failure to do so would result in the Department concluding that the claim had been properly identified. *Id.* The Partial Acceptance/Partial Dismissal was sent to Streeper's counsel. *Id.* at 1. On August 26, 2010, the Department revised the accepted claim to include alleged failures to reasonably accommodate Streeper from October 29, 2009 through July 31, 2010. 8/26/10 Letter, Dkt. No. 34-4. The record reflects that this revision occurred following the Department's receipt of a response from Streeper's counsel stating that the Department had not identified the appropriate date range for the claim. 12/4/12 Final Agency Decision at 1 n.1, Dkt. No. 34-5.

On December 4, 2012, a Final Agency Decision was issued, finding that Streeper was neither denied a reasonable accommodation nor subjected to discrimination on account of her disability. *Id.* at 21.

On September 16, 2015, the Equal Employment Opportunity Commission (EEOC) affirmed the dismissal of Streeper's claim concerning worker's compensation, but reversed the dismissal of the claim found to be untimely and vacated the finding of no discrimination. 9/16/15 EEOC Decision, Dkt. No. 34-6. The EEOC remanded for investigation into Streeper's claim of an ongoing failure to provide a reasonable accommodation. *Id.* at 6.

On October 2, 2015, the Department issued an Acceptance Letter, accepting for investigation Streeper's allegations that she was not provided with a reasonable accommodation of her disabilities starting in 2006.  10/2/15 Acceptance Letter at 1-2, Dkt. No. 34-8 at 2-3.  The Acceptance Letter was sent to Streeper's counsel. *Id.* at 1.[1]

On April 9, 2019, an Administrative Judge for the EEOC granted the Department's motion for summary judgment and dismissed Streeper's claims of discrimination.  4/9/19 Decision and Order, Dkt. No. 34-9.

## **PROCEDURAL BACKGROUND**

Streeper initiated this action with the filing of a Complaint on July 22, 2019. Dkt. No. 1.  In the Complaint, Streeper asserts five claims for relief: (1) denial of a reasonable accommodation in violation of the Rehabilitation Act; (2) retaliation in violation of the Rehabilitation Act (Count Two); (3) retaliation in violation of the Rehabilitation Act (Count Three); (4) disability discrimination in violation of the Rehabilitation Act; and (5) improper medical inquiries in violation of the Rehabilitation Act and the Americans with Disabilities Act (ADA).

---

[1]The Acceptance Letter was re-issued on April 15, 2016 after the EEOC denied the Department's request for reconsideration.  4/15/16 Acceptance Letter at 1, Dkt. No. 34-8 at 5; 4/8/16 EEOC Decision, Dkt. No. 34-7.  The April 15, 2016 Acceptance Letter was also sent to Streeper's counsel.  4/15/16 Acceptance Letter at 1.

On March 9, 2020, Defendant filed a motion for partial dismissal or, in the alternative, for partial summary judgment of Counts Two and Three ("the motion"), along with a concise statement of facts and accompanying exhibits. Dkt. Nos. 33-34. Streeper filed an opposition to the motion, Dkt. No. 45, and Defendant filed a reply, Dkt. No. 47. This Order now follows.

## STANDARD OF REVIEW

### I.      Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

### II.     Federal Rule of Civil Procedure 56

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the non-moving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).[2]

## RELEVANT EXHAUSTION PRINCIPLES

Before pursuing a Rehabilitation Act claim in district court, a plaintiff is required to exhaust her administrative remedies with the EEOC. *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). Substantial compliance with the exhaustion requirement is a jurisdictional prerequisite and "[t]he jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Id*. at 1122. Although the specific claims raised before a district

---

[2]In its memorandum supporting the motion, Defendant also references Federal Rule of Civil Procedure 12(b)(6) as a basis for dismissing Counts Two and Three. Dkt. No. 33-1 at 6; *see also* Dkt. No. 45-1 at 12. However, nowhere therein does Defendant explain how Counts Two and Three can be dismissed for failure to state a claim–the basis of a Rule 12(b)(6) argument– while considering the exhibits attached to the motion. *See United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (explaining that, when a court considers evidence outside the pleadings, a Rule 12(b)(6) motion to dismiss should normally be converted into a Rule 56 motion for summary judgment, except in certain situations). Therefore, the Court does not consider Rule 12(b)(6) as a basis for dismissal herein.

court ordinarily must be presented to the EEOC, the court "has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Id.* (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)).

## DISCUSSION

The Court addresses the following two issues in turn: (1) whether Plaintiff presented her claims of retaliation to the EEOC; and, if not, (2) whether Plaintiff's claims of retaliation are "like or reasonably related to" the allegations made before the EEOC.

### 1.   Presentment

Put simply, Plaintiff did not present her claims of retaliation to the EEOC in any meaningful sense.   In fact, the *only* indication that Plaintiff wished to assert a retaliation claim was a check mark she placed next to the word "[r]eprisal" on the Complaint of Discrimination form.   *Nowhere else* is the word retaliation (or reprisal) used or, more importantly, *any* words indicating that Plaintiff was retaliated against.   Instead, as the "[a]llegation(s) of discrimination" in her administrative complaint make evident, *all* complaints of discrimination alleged therein concern *disability discrimination* and that alone.

8

Moreover, to the extent further evidence is necessary, Plaintiff's conduct after filing her Complaint of Discrimination further demonstrates that retaliation claims were never presented during her administrative proceeding. Notably, although Plaintiff responded to the Department's August 4, 2010 Acceptance Letter and asked for the dates of her accepted disability claim to be expanded, she did not ask the Department to resurrect her retaliation claim that was not included among those considered by the Department, as described in its August 2010 letter. Moreover, after appealing the December 4, 2012 Final Agency Decision, Plaintiff once again did not challenge the purported failure to consider a retaliation claim. Finally, after receiving the October 2, 2015 and April 15, 2016 Acceptance Letters, there is no evidence that Plaintiff requested consideration of a retaliation claim. In this light, even from Plaintiff's own counseled perspective, she did not present a retaliation claim in her administrative proceeding.

Plaintiff's arguments to the contrary are misplaced. First, "checking the box" is not a "telling" intent to pursue a claim, let alone "dispositive" of exhaustion. *See* Dkt. No. 45-1 at 7. Notably, the case to which Plaintiff cites, *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091 (9th Cir. 2002), says nothing to the contrary. Rather, it is true that the plaintiff in *B.K.B.*, like Streeper here, checked a box, but that was only one of many factors supporting the *B.K.B.* court's

9

conclusion that a charge of sexual harassment had been made. *Id*. at 1103. The other factors, which Plaintiff conveniently fails to mention, are clearly absent here. For example, in *B.K.B.*, the Ninth Circuit gave the plaintiff's allegations a "broad[]" reading because she was acting as a layperson in making them. That is not the case here, where Plaintiff was represented by counsel when she, *inter alia*, made her allegations in the Complaint of Discrimination and when she responded to the August 4, 2010 Acceptance Letter. In addition, in *B.K.B.*, the plaintiff, albeit less "artfully" than might have been the case, alleged facts in her pre-complaint questionnaire that provided "additional detail to the allegations of harassment…." *Id*. at 1102-03. Here, Plaintiff's allegations of discrimination provided no detail with respect to the allegations of retaliation she wishes to now raise. As a result, the Court finds that Plaintiff failed to present her claims of retaliation to the EEOC.[3][4]

---

[3] In her opposition, Plaintiff asserts that, apart from checking a box, she also "pursued her claim of retaliation during discovery in the administrative forum." Dkt. No. 45-1 at 8. There is, however, no evidence of this pursuit.

[4] In her opposition, Plaintiff also cites *Blackman-Baham v. Kelly*, 2017 WL 679514 (N.D. Cal. Feb. 21, 2017), for the proposition that a plaintiff's failure to respond to an EEOC acceptance-of-claims letter should not be considered a failure to cooperate with the same. Dkt. No. 45-1 at 7-8. This case, however, involves neither a failure to cooperate nor a failure to respond to an EEOC acceptance-of-claims letter. *Blackman-Baham* is simply inapposite to the facts here. Moreover, as Plaintiff encourages, the Court *has* looked to the underlying Complaint of Discrimination in determining whether she presented her retaliation claims to the EEOC. *See id*. at 8. The answer, however, is that she did not.

### 2. Like or Reasonably Related

> In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.   In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.

*B.K.B.*, 276 F.3d at 1100.   In addition, "if the two claims are not so closely related that a second administrative investigation would be redundant, the EEOC must be allowed to investigate the dispute before the employee may bring a … suit." *Stache v. Int'l Union of Bricklayers & Allied Craftsmen*, 852 F.2d 1231, 1234 (9th Cir. 1988).

Here, as discussed, in her Complaint of Discrimination, Plaintiff alleged three claims of disability discrimination.   More specifically, she alleged, first, disability discrimination that occurred on September 22, 2009 when she was denied a requested accommodation of either working at an alternative site or teleworking.   Second, she alleged disability discrimination that repeatedly occurred from 2006 until 2010 when her employer failed to engage in an interactive process regarding the requested accommodation to work from an alternative site or be transferred to another position.   Third, she alleged disability

discrimination repeatedly occurred when her employer failed to provide her with guidance regarding worker's compensation.

In the Complaint filed in this case, Plaintiff raises, *inter alia*, two claims of retaliation. First, she alleges that, on February 16, 2010, she was retaliated against when her employer proposed her removal after she had engaged in protected activity by requesting reasonable accommodations between June 2009 and July 2010. Compl. at ¶¶ 108, 110. Second, she alleges that she was retaliated against "each time" her employer failed to provide her with a reasonable accommodation between June 2009 and July 2010. *Id.* at ¶ 119.

Other than the disability and retaliation claims appearing to involve, in some general sense, requests for reasonable accommodation, there is nothing like or reasonably related between them. Notably, the elements of the claims are materially different. In the disability context, a plaintiff must allege that (1) she is disabled within the meaning of the statute, (2) she is a "qualified individual" under the statute, and (3) she was discriminated against because of her disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). In the retaliation context, a plaintiff must allege that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between

the two.  *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 863 n.16 (9th Cir. 2016).

As such, referencing reasonable accommodation in one set of claims is not like or reasonably related to their reference in the other.  In the disability context, the failure to provide a reasonable accommodation, as alleged in the Complaint of Discrimination, is, if true, a form of discrimination.  *See* 29 U.S.C. § 791(f) (cross-referencing, *inter alia*, 42 U.S.C. § 12112(b)(5)(A), which provides that disability discrimination can include the failure to make a "reasonable accommodation").  As used by Plaintiff in the instant retaliation claims, however, reasonable accommodation or the lack thereof is, in Count Two, a protected activity and, in Count Three, an adverse employment action.  In this light, the failure to provide, and/or Plaintiff's requests for, accommodations are simply not like or reasonably related in the context of each different claim.

Other than the general involvement of reasonable accommodations, there is no other link or relationship between the claims.  Moreover, Plaintiff's post-hoc rationalization that–her claims of retaliation "overlap nearly exactly with the facts" of her disability discrimination claims in the Complaint (*see* Dkt. No. 45-1 at 10)– is irrelevant in this regard.  *See B.K.B.*, 276 F.3d at 1100 (explaining that "'the crucial element of a charge of discrimination is the factual statement contained

therein.'") (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)) (alteration omitted). It would, thus, not have been redundant for the EEOC to have investigated any dispute regarding retaliation. *See Stache*, 852 F.2d at 1234.

Further, Plaintiff's claims of retaliation are not "within the scope of an EEOC investigation that reasonably could be expected to grow out of [her] allegations" of disability discrimination. *See Leong*, 347 F.3d at 1122 (quotation omitted). As discussed, the two sets of claims concern different elements. In the disability context, an investigation would look to whether a person is disabled, qualified, and discriminated against on account of her disability. In the retaliation context, however, an investigation would look to whether a person has engaged in a protected activity, whether the person has suffered an adverse employment action, and whether there is a link between the two. In light of the allegations in the Complaint of Discrimination, none of which provide any indication that Plaintiff was retaliated against because she requested a reasonable accommodation, the latter could not reasonably be expected to grow out of the former.

## **CONCLUSION**

In summary, even "[t]he rule of liberal construction does not suggest that a plaintiff sufficiently exhausts [her] administrative remedies … by merely

mentioning the word 'discrimination' in his or her EEOC administrative charge." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002). Here, although Plaintiff is not entitled to a liberal construction of her administrative charge because she was represented by counsel, even if she was, *at best*, it could be said that she mentioned the word "reprisal" therein. That, however, is not enough to exhaust. *See id.* If it was, there would be little point in the administrative charge's factual statement being "the crucial element" of the same. *See B.K.B.*, 276 F.3d at 1100. Here, Plaintiff's factual statement clearly only mentioned that she was discriminated against on account of her disabilities and, thus, she did not present a claim of retaliation to the EEOC. In addition, as discussed herein, from those clear statements, there was no link or relationship to claims of retaliation and no investigation that could reasonably be expected to grow to encompass such claims. As a result, the motion for partial dismissal or, in the alternative, for partial summary judgment of Counts Two and Three, Dkt. No. 33, is GRANTED due to Plaintiff's failure to administratively exhaust those claims.

    IT IS SO ORDERED.

    DATED: June 1, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge